# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

CLINTON STRANGE,

Plaintiff

Case # : SACV 18-1845-JLS
(JDEx)

v.

DIRECT FUNDING NOW LLC,

a California Limited Liability Company

Defendant

FILED

2018 OCT 15 PM 2:42

CLERK US DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: ___

no CV-30
IFP Request

## CIVIL ACTION FOR ALLEGED:

NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER
PROTECTION ACT [47 U.S.C. §227(b)];

WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION
ACT [47 U.S.C. §227(b)];

NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER
PROTECTION ACT [47 U.S.C. §227(c)];

WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION
ACT [47 U.S.C. §227(c)],

&

TORTS OF CONVERSION OF PLAINTIFF'S CHATTEL UNDER

LOUISIANA CIVIL CODE ARTICLE 2315

1

**DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT:

Plaintiff brings this action individually seeking damages and any other available legal or equitable remedies resulting from the alleged illegal actions of Defendant DIRECT FUNDING NOW LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions TOGETHER ALONG WITH VIOLATIONS OF The Laws of Tort under Louisiana Law, thereby invading Plaintiff's privacy, and conversion of Plaintiff's chattel.

## JURISDICTION & VENUE

Jurisdiction is proper in this court pursuant to:

47 U.S.C. §227(g)(2)

&

28 U.S.C. § 1331

2

Venue lies properly in this district pursuant to:

47 U.S.C. §227(g)(4)

&

28 U.S.C. § 1391

## PARTIES:

**PLAINTIFF** Clinton Strange is an adult individual residing at:

Clinton Strange

7021 Winburn Drive

Greenwood, LA 71033

**DEFENDANT** DIRECT FUNDING NOW LLC is a California Limited Liability

Company whose principle place of business is:

DIRECT FUNDING NOW LLC

23411 Summerfield

Unit 42A

Aliso Viejo, CA 92656

**Factual Allegations:**

1. Beginning on or around February 2018 Defendant contacted Plaintiff on Plaintiff's cellular telephone number 318-423-5057 in an attempt to solicit Plaintiff to purchase Defendant's services.

2. Plaintiff's cellphone number 318-423-5057 has been registered on the Federal Do-Not-Call listing since 01/03/2018 *See Exhibit A.*

3. Plaintiff has no admissible evidence absent discovery to prove at this time that Defendant phoned him 10 times, but Plaintiff believes that this is representative of the number of calls Defendant illegally placed to the Plaintiff's cellphone.

4. Plaintiff noted that the Defendant's call only appeared as "Unknown Caller" *See Exhibit B.*

5. Defendant contacted or attempted to contact Plaintiff from telephone number (800) 864-8909, a number verified to belong to Defendant.

6. Defendant used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff seeking to solicit its services.

7.  Defendant utilizes a "calling technology" that allows its calls not to be logged in a 'call log'.

8.  Plaintiff represents that *Exhibit C* is an unaltered call log in a few hours' time surrounding the illegal robocall Defendant sent to his cellphone on February 27, 2018 at 12:37pm CDT.

9.  Furthermore, at one or more instance during these calls, Defendant utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

10. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

11. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

12. Plaintiff is not a customer of Defendant's services and has never provided any personal information, including his telephone number, to Defendant for any purpose whatsoever.

13. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on its cellular telephones pursuant to 47 U.S.C. § 227(b)(1)(A).

14. Furthermore, Plaintiff's cellular telephone number 318-423-5057 has been on the National Do-Not-Call Registry well over thirty (30) days prior to Defendant's initial calls.

15. Defendant placed multiple calls soliciting its business to Plaintiff on its cellular telephones beginning in or around January 2018.

16. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

17. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

18. Despite this, Defendant continued to call Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

19. Plaintiff represents that most or all of the robocalls that Plaintiff received on his cellphone from the Defendant utilized a pre-recorded message / voice that is documented in a voicemail recording transcript *Exhibit D.*

20. Upon information and belief and based on Plaintiff's experiences of being called by Defendant after requesting they stop calling, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

21. Plaintiff erased many voicemails left by the Defendant, and because many or alternatively all the calls registered on his call-log as "unknown" the Plaintiff will have to rely solely on EXHAUSTIVE DISCOVERY of the Defendants internal systems, and Telecommunications Provider/s records in order to determine the exact number of calls placed to the Plaintiff's cellphone without his express written consent.

22. Plaintiff does not like to receive unwanted commercially solicitous phone calls on his cellphone because they "intrude on his seclusion and violate his rights to privacy guaranteed under the U.S. Constitution", and further deplete plaintiff's memory storage capacity, deplete Plaintiff's battery level on his cellphone (amounting to a conversion Tort under Louisiana State Laws),  and require him to use a measurable amount of mental and physical energy to receive the calls and or review the contents of voicemails. Plaintiff alleges that [he] has Article III standing as a result of Defendant's alleged conduct.

## Count I:

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b)

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

26. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Count II:

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b)

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Count III:

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227©

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

33. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

34. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Count IV:

## Knowing and/or Willful Violations of the Telephone Consumer

## Protection Act

## 47 U.S.C. §227 et seq.

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

38. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## JURY TRIAL DEMANDED

**Plaintiff seeks trial by jury on all issues so triable.**

Prayer for Relief;

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

Statutory Damages;

Stacked Damages;

Treble Damages;

Enjoinder from Further Violations of These Parts;

Costs and reasonable attorney's fees;

, and such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X _____ 10-9-2018

Clinton Strange

Pro-Se

7021 Winburn Drive

Greenwood, LA 71033

318-423-5057

**parsmllc@gmail.com**

11

# EXHIBIT A



**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

Back to ftc.gov



# National Do Not Call Registry

En Espanol

Registration Complete

You have registered the following telephone number in the National Do Not Call Registry:

(318) 423-5057

You may print this page if you wish to retain a copy for your records.



Back to ftc.gov | Privacy Policy

# EXHIBIT B





📞 ✔✔    Feb 27 (Tue) 12:37 PM

ExB

# EXHIBIT C



ExC

# EXHIBIT D

| | |
|---|---|
| VM Recording: | Unfortunately the system can not process your entry. Pl- |
| VM Recording: | Please enter your password, then press pound. |
| VM Recording: | You have 13 saved voice messages. To listen to your messages, press one. |
| VM Recording: | First saved voice message. |
| Titan: | Local businesses, eliminate your transaction fee for credit card processing today. You heard correctly. Completely eliminate your transaction fee cost and processing rates for credit card processing today. Our new Titan Rewards Program allows your business to pass down a small convenience fee to your customers, similar to a tax on a receipt to completely pay for your credit card processing charge. Pay $0 in transaction fees and $0 in annual fees, $0 monthly fees and no cancellation cost with free equipment. Save 100% of your processing fees today with Titan. For more information on our cash rewards program, please call us back at 800-682-9265. Again, that phone number is 800-682-9265. Thank you. |
| VM Recording: | Sent Monday February 26th at 1:01PM from 800-682-9265. Duration 49 seconds. End of message. To era- |
| VM Recording: | Message saved. Next message. |
| Melissa: | Hello, this is Melissa calling with Direct [inaudible 00:02:08] Capital. I am following on the case of [inaudible 00:02:11] regarding the pre-approval for a business line of credit up to $150,000 at a 4.9% rate. This pre-approval is based on your company's profile and industry. Um, I wanted to go over the terms and rates with you before the pre-approval expires, please call me as soon as possible at 1-800-864-8909. Again, the telephone number 1-800-864-8909. Thank you so much and have a blessed day. |
| VM Recording: | End of message. Sent Tuesday February 27th at 12:38PM from 800-864-8909. Duration 33 seconds. To erase this message, press seven. |
| VM Recording: | Message saved. Next message. |
| Speaker 4: | This and many more. Press one to get a hassle-free assessment or press two to be placed on our do not call list. Thanks for your time and be healthy and blessed. |
| VM Recording: | Sent Monday April 30th at 9:52AM from 773-273-6136. Duration 14 seconds. |
| VM Recording: | End of message. To erase this message, press se- |
| VM Recording: | Message saved. Next message. |

voicemail.transcript.tcpa.claims (Completed  09/21/18)
Transcript by Rev.com

( Transcribed
{ Voice Mail
( Exhibit  D

1/1

Clinton Strange
7021 Winburn Drive
Greenwood, LA 71033



Clerk,
Ronald Reagan Federal Building
United States Courthouse
411 West 4th Street, Room 1053
Santa Ana, CA 92701-4516

RECEIVED
CLERK, U.S. DISTRICT COURT

OCT 12 2018

CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION      BY DEPUTY



1000

92701




UNITED STATES
POSTAL SERVICE®


U.S. POSTAGE PAID
FCM LG ENV
GREENWOOD, LA
71033
OCT 09, 18
AMOUNT
$2.47
R2305H129624-03





RECEIVED
CLERK, U.S. DISTRICT COURT

OCT 12 2018

CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION         BY DEPUTY

U.S. POSTAGE
FCM LG ENV
GREENWOOD
71033
OCT
AMOUNT
$2.4
R2305 92862

92701

1000

UNITED STATES
POSTAL SERVICE

Clerk,
Ronald Reagan Federal Building
United States Courthouse
411 West 4th Street, Room 1053
Santa Ana, CA 92701-4516

Clinton Strange
7021 Winburn Drive
Greenwood, LA 71033